UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL CARPENTER #798562,

               Plaintiff,                                 Hon. Robert J. Jonker

v.                                               Case No. 1:23-cv-722

ARTHUR KNAPP et al.,

               Defendants.

_____/

**REPORT AND RECOMMENDATION**

This matter is before me on a Motion for Summary Judgment on the Basis of Exhaustion filed by Defendant Arthur Knapp. (ECF No. 18.) Plaintiff has failed to respond to Defendant's motion within the time permitted by Western District of Michigan Local Civil Rule 7.2(c).[1] Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the Court grant the motion and dismiss Plaintiff's remaining claim **without prejudice** for lack of exhaustion.

Plaintiff, a prisoner currently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF), initiated this action on July 5, 2023, by filing a complaint against Defendant Knapp and another MDOC employee, Defendant Brown, alleging claims pursuant to 42 U.S.C. § 1983 based on events that occurred at ICF. (ECF No. 1.) Following initial review, all of Plaintiff's claims against Defendant Brown and his Eighth and Fourteenth

---

[1] Although Plaintiff is proceeding pro se, he is still expected to comply with the applicable court rules. *See Strohmeyer v. Chase Bank USA, N.A.*, No. 3:17-cv-443, 2018 WL 2669991, at *2 (E.D. Tenn. June 4, 2018) ("It is correct that pro se parties are expected to comply with the rules of procedure just as parties represented by counsel must do."); *Jones v. Graley,* No. 2:05-cv-773, 2006 WL 1697637, at *1 (S.D. Ohio June 20, 2006) (although federal courts have treated pro se litigants more leniently, they "are still expected to comply with the procedural rules of the court").

Amendment and official capacity claims against Defendant Knapp were dismissed. His retaliation claim against Defendant Knapp was permitted to proceed. (ECF Nos. 12 and 13.)

Regarding the retaliation claim, Plaintiff alleges that he filed a grievance against Defendant Knapp on or about December 18, 2021, alleging that Defendant Knapp had been harassing him. (ECF No. 1 at PageID.3.) He alleges that two days later, Knapp threatened to make his life a "living hell" if Plaintiff did not sign off the grievance. (*Id.*) Plaintiff claims that after he filed the grievance, Defendant Knapp falsified documents to place him on Security Threat Group (STG) I status, but he was not interviewed prior to being designated STG I. (*Id.*)

Defendant Knapp moves for summary judgment based on Plaintiff's failure to exhaust his administrative remedies. Generally, where the non-moving party fails to respond to a motion for summary judgment, "the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden." *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005) (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998)). In addition, because failure to exhaust is an affirmative defense upon which a defendant bears the burden of proof, *see Jones v. Bock*, 549 U.S. 199, 216 (2007), the Court must ensure that "no reasonable trier of fact could find other than for [Defendant]." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).

The Supreme Court has held that a prisoner properly exhausts a claim for purposes of 42 U.S.C. § 1997e(a) by complying with the prison's "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Jones*, the Court reiterated:

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Jones*, 549 U.S. at 218. A prisoner incarcerated with the MDOC must "pursue a grievance through all three steps of the grievance process [set forth in MDOC Policy Directive 03.02.130]." *Weatherspoon v. Strahan*, No. 18-2210, 2019 WL 5306842, at *1 (6th Cir. June 4, 2019). This process must be completed at all levels prior to filing an action in federal court. *Freeman v Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

In support of his motion, Defendant Knapp attaches a Step III Grievance Report for Plaintiff dated July 19, 2023, which shows the grievances that Plaintiff pursued through Step III prior to initiating this action. (ECF No. 19-3.) The Step III report shows that Plaintiff pursued no grievance through Step III based on the alleged events that occurred at ICF in December 2021. (*Id.* at PageID.86.) Accordingly, Defendant Knapp has met his summary judgment burden of demonstrating that Plaintiff failed to exhaust his administrative remedies prior to filing this action.

Therefore, Plaintiff's claim against Defendant Knapp is subject to dismissal without prejudice.

## CONCLUSION

For the foregoing reasons, I recommend that Defendant's motion for summary judgment (ECF No. 18) be **granted,** that Plaintiff's remaining claim be **dismissed without prejudice**, and that this case be **closed**.

Dated: December 16, 2024                     /s/ Sally J. Berens
                                             SALLY J. BERENS
                                             U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order. *See*

*Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).